UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID ELIJAH BOWERS, JR.,

        Plaintiff,

v.                                                             Case No. 10-CV-63

MICHAEL THURMER, DON STRAHOTA,
MICHAEL MEISENER, TRITTON,
BENJAMIN HILBERT, JOHN NICKEL,
JESSE UMENTUM, BRIAN GREFF,
PATTY CARRAN, STEVEN WIERENGA,
WILLIAM BEDKER, ANDREW BISSONETTE,
BELINDA SCHRUBBE, BRAD WALTZ,
CHARLES GRIESDALE, CO II BEAHM,
and TRAVIS S. CAUL,

        Defendants.

## ORDER

      The plaintiff, a Wisconsin state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, and he lacks the funds to pay an initial partial filing fee. See 28 U.S.C. §§ 1915(a)(2), 1915(b)(4).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the

prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true,

"that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

-3-

The plaintiff is incarcerated at Waupun Correctional Institution. Although not entirely clear, the plaintiff appears to allege that he was subjected to unconstitutional conditions of confinement, excessive force, and deliberate indifference to his serious medical needs beginning around May 2009. In addition, although far from clear, he may allege that he has been subjected to the above in retaliation for previous litigation.

As written, the complaint fails to state a claim because, for the most part, it does not make sense. For example, the complaint states in part:

> On May 19, 2009, Officer Bowers[1], medical needs had been met on political and social and economic challenges on constituted scientific technical claim(s) within the Office of the High Commissioner Human Rights, *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). "The State has a duty to provide adequate food, shelter, clothing and medical care for its inmates, these are the essentials of the care that the state must provide." Officer Bowers, beforehand had been maliciously injured by racist state employees converting to presidential record on prima facie factors. Defendant Tritton, defendant Caul, defendant Hilbert and defendant Nickel and defendant Umentum, and defendant Greff and Institution Complaint(s) had immediate been exhausted on prison negligence, *see Leslie v. Doyle*, 125 F.3d 1132, 1136 (7th Cir. 2007). To state a claim for retaliation, (1) he must "specify a retaliatory action," (2) he must name the appropriate defendants; and (3) he must assert a constitutionally protected activity the exercise of which caused the action. *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005). He had been burned by 50,000 volts of an ultron II electronic control device after being incapacitated various of time(s) with the Mark IX OC/OS Blend. Plaintiff Bowers, had been strip nude naked and showered and implemented within abusive steel restraint(s) causing the wanton infliction of pain, *Hope v. Pelzer*, 530 U.S. 730 (2002). While being involuntary constrained, "RN Medical Officer Patty Carran, assessed

---

[1] Throughout the complaint, the plaintiff alternates between referring to himself as "Officer Bowers" and "plaintiff Bowers."

> Bowers and noted several abrasions on his left forearm and small cuts on his wrists due to him resisting so forcefully against the restraints. RN Carran also checked the Ripp restraints stating that she was medically satisfied we could leave the cell. RN Patty Carran gave plaintiff Bowers a sedative injection of execution protocol, *Oken v. Sizer*, 321 F. Supp. 2d 658 (2004). After applying the protocol shot for economic and manpower potential that as been created in the countryside of Waupun Correctional Institution. Defendants who preside within state administrative codes prescribed by state law abridge the privilege in said office violating a presidential political strategy on his economic governmental body and the political strategy of military enforcement and Officer Bowers, suffer food deprivation numerous of times by defendant Strahota, and defendant Wierenga, etoppeling his political leadership to inguguarate [sic] respectfully in office within pardon rights. Mr. Bowers had been disparaged and degraded as a U.S. union member as a patient of the Office of the High Commissioner Human Rights. *Kilaab (Al) Ghashiyah v. Department of Corrections of State of Wisconsin*, 250 F. Supp. 2d 1016 (E.D. Wis. 2003).

(Compl. at 4-5.) The complaint continues in this manner for approximately ten more pages. For relief, the plaintiff seeks: "For this injury incurred on Presidential Science, that amass imminent danger to his life on catastrophe, plaintiff request the court reward him fifteen (15) million dollars on compensatory damages and fifteen (15) million dollars on punitive damages."

District courts may dismiss complaints that are confusing due to their length and lack of clarity, although leave to replead should ordinarily be granted. *See Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003). The court is unable to understand the plaintiff's claims and, therefore, his complaint will be dismissed for lack of clarity. However, the plaintiff may file an amended complaint. He should use the enclosed form and limit his complaint to stating as briefly as possible the facts

of his case. The plaintiff should include how each defendant is involved. He should not include arguments in his complaint. Finally, the plaintiff should attempt to be as clear as possible and to keep in mind that, if his amended complaint states a claim or claims, the defendants will have to answer; the clearer he is in the amended complaint, the better the defendants will be able to answer.

If the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **June 7, 2010**. Failure to file an amended complaint within this time period may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (citations omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Otherwise, the case will be dismissed.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **June 7, 2010**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office send the plaintiff a civil rights complaint form.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.

It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2010.

BY THE COURT:

*/s/ J.P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge