**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

DAVID ELIJAH BOWERS, JR,

    Plaintiff,

v.                                                                                     Case No. 10-CV-63

MICHAEL THURMER, et al.,

    Defendants.

## ORDER

On May 13, 2010, the court dismissed David Bowers' complaint as unintelligible, but provided him an opportunity to file an amended complaint by June 7, 2010. *See* Court's Order of May 13, 2010, at 4-5. Plaintiff was advised to file his amended complaint using an enclosed form complaint, to limit his pleading by stating as briefly as possible the facts of his case, to include how each defendant was involved, and to be as clear as possible so defendants could answer the allegations. Finally, the court warned that failure file a timely amended complaint might result in dismissal of this action.

Plaintiff has filed two documents since then, neither of which can be described as an amended complaint. First, on May 17, 2010, he filed "Joint Motion to File Amicus Brief on Supplemental Rules for Certain Admiralty and Maritime Claims." This document, which does not reference the complaint or indicate that it purports to be an amendment to the complaint, is less clear than the original pleading. It provides in small part:

Introduction

The First United Nation Congress 87 food procured provides within the limits compatible with the good order of the institution, untried official(s) may, if they so desire, have their food procured at their own expense from the outside, either through the U.S. Administration or threw [sic] family or friends on military defenses.

. . .

Statement of Issues

Core Term: Discrimination, Freedom, Reproductive Health Right, Operation of Kaczmarskip, Retaliatory, Treatment Restoration, Demonstration, Misconduct, Neglect, Misrepresentation, Uniform Act, IHOP, KFC, Pizza Hut, JJ Fish & Chicken, Menu, Rocki Ri Coco, China Town, Taco Bell, Catering Manager, Social Security Administration, Wisconsin Forensic Unit, Complaint Corrections Examiner, Statutory Formula, Madrid Agreement, Trust Account, Fraud, PLRA Requirement, Misconduct, ACLU, Brown County Corporal(s), Parties of Litigation, National Guard Enforcement, Congress, Evidentiary, Ceremonial, Pardon, U.S. Constitution, Inheritage.

Presentation for Indictment

Fed. R. Crim. P. 12(c) and 17.1

I) The government gives notification to the Clerk of Court and Chief U.S. Assistant Attorney Mathew V. Richmond, of the Criminal Civil Division, for summonses or arrest warrants for the named defendants (Fed. R. Crim. P. 4). The case(s) is appropriate for a pretrial scheduling conference to apply in ceremonial proceedings in the federal courthouse and to be coercive on arraignment of certain admiralty and maritime jurisdiction, the State of Wisconsin Department of Justice, released registrar pertinent to 18 U.S.C. §§ 3122, 3123 compelling the attention of C/O Jesse Umentum, C/O Nathan Mathwig, C/O John Nickel, C/O Wayne Apperman, C/O Travis Caul, C/O Benjamin Hilbert, C/O Robert Constein, Lt. Brian Greff, Det. Dan Stiemsma, for witnesses and testimony, from issuance of administrative inspection warrant relating to applicable law.

(Pl.'s Motion at 1-2.)

Second, on June 18, 2010, plaintiff filed "Information to Grand Indictment Criminal L. R. 12.1" by which he "request[s] the court to bind under the First United Nation Congress 87 food procured for release breakfast/lunch/dinner." (Pl.'s Information at 1). This two-page document goes to describe certain restaurant food items and then sets forth other undecipherable matters.

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d)(1). The purpose of this rule is to ensure that defendants and the court understand whether a valid claim is alleged and if so, what it is. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 775 (7th Cir. 1994); *Hoskins v. Poelstra,* 320 F.3d 761, 764 (7th Cir. 2003) (a complaint "suffices if it notifies the defendant of the principal events"). Under Rule 8, a plaintiff must present a complaint with "clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of what it is the plaintiff asserts." *Vicom,* 20 F.3d at 775 (quoting *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990)).

District courts may dismiss complaints that are confusing due to their length and lack of clarity, although leave to replead should ordinarily be granted. *See Lindell v. McCallum,* 352 F.3d 1107, 1110 (7th Cir. 2003). Dismissal with prejudice is warranted if "the plaintiff has demonstrated [his] inability to file a lucid complaint." *Loubser v. Thacker,* 440 F.3d 439, 443 (7th Cir.2006).

In this case, the court dismissed plaintiff's original complaint as unintelligible, granted him leave to replead, and provided guidelines for repleading to comply with Rule 8. Plaintiff did not file an amended complaint but rather filed two undecipherable documents. Plaintiff has demonstrated an inability to file a lucid complaint and, therefore, dismissal with prejudice is appropriate.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to file amicus brief (Docket #8) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge